IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PETER KINEV and EMMA KINEV,

    Plaintiffs,

    v.

ISRAEL RAMOS, et al.,

    Defendants.

CIVIL ACTION NO. 3:15-CV-1478

(JUDGE CAPUTO)

## MEMORANDUM ORDER

Presently before the Court is a Complaint (Doc. 1) filed by Plaintiffs Peter and Emma Kinev ("the Kinevs") on July 30, 2015. Plaintiffs assert that the Court's basis for subject matter jurisdiction is diversity of citizenship, pursuant to 28 U.S.C. § 1332. (*Id.,* ¶ 6.) Because the Complaint fails to establish that the parties have diverse citizenship, it will be dismissed unless Plaintiffs can show that diversity jurisdiction is proper.

### I. Analysis

The Complaint does not adequately state diversity of citizenship, as it fails to properly identify the states of citizenship of Plaintiffs and Defendants. Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. *Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999). 28 U.S.C. § 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states.

"It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211 (1904). Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v.*

*Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); see also Fed R. Civ. P. 12(h)(3).

Plaintiffs' Complaint in part fails to demonstrate the requirements of federal subject matter jurisdiction because it insufficiently alleges the citizenship of Defendant Stroud Cleaners, Inc., a domestic business.  A corporation may only have one principal place of business, and proper invocation of diversity jurisdiction requires that the plaintiff allege where a corporation has "its principal place of business." *See S. Freedman & Co., Inc. v. Raab*, 180 F. App'x 316, 320 (3d Cir. 2006) (affirming the district court's dismissal of a complaint alleging where the corporation maintained "a principal place of business," rather than "its principal place of business").  A corporation's principal place of business is its "nerve center," the place "where a corporation's officers direct, control, and coordinate the corporation's activities."  *Hertz Corp. v. Friend*, 559 U.S. 77 (2010).  Here, the Complaint only includes where Defendant Stroud Cleaners, Inc. has "an address." (Doc. 1, ¶ 4.)  To properly plead diverse citizenship, Plaintiff must allege its principal place of business.

Furthermore, Plaintiffs' Complaint fails to demonstrate diverse citizenship because it does not properly assert the citizenship of the individual defendants and of Plaintiffs.  The Complaint alleges that the Defendants have a "last known address" in Pennsylvania.  (*Id.*, ¶¶ 2-3), and that Plaintiffs reside in Seattle (*Id.,* ¶ 1).  While Plaintiffs identify in which state Defendants have a last known address, and where Plaintiffs reside, the Complaint does not identify the state in which each has *citizenship*.

For purposes of diversity jurisdiction, a natural person is deemed to be a citizen of the state where they are domiciled.  *Swiger v. Allegheny Energy, Inc.,* 540 F.3d 179, 182 (3d Cir. 2008) (citing *Gilbert v. David,* 235 U.S. 561, 569 (1915)).  To be domiciled in a state, a person must reside there and intend to remain indefinitely.  *Krasnov v. Dinan,* 465 F.2d 1298, 1300–01 (3d Cir. 1972).  A person may have only one domicile, and thus may be a citizen of only one state for diversity jurisdiction purposes.  *See Williamson v. Osenton,* 232 U.S. 619 (1914).

To the extent that Plaintiffs allege where Defendants have a last known address and

where Plaintiffs reside, this is not sufficient. Residence is not the same as domicile and does not establish citizenship for diversity purposes. *See Krasnov,* 465 F.2d at 1300 (3d Cir. 1972) ("Where one lives is *prima facie* evidence of domicile, but mere residency in a state is insufficient for purposes of diversity.") (internal citations omitted). To properly allege diversity, Plaintiffs must allege the state of citizenship of each defendant, not merely of residence or address.

## II. Conclusion

As Plaintiffs have not shown that complete diversity of citizenship exists between the parties, the Court cannot determine that subject matter jurisdiction exists and the matter is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(h)(3). However, Plaintiffs will be given twenty-one (21) days to amend the complaint to show that diversity jurisdiction exists. Failure to do so will result in this action being dismissed.

**NOW**, this 3rd day of August, 2015, **IT IS HEREBY ORDERED** that Plaintiffs Peter and Emma Kinev are given leave to file an amended complaint within twenty-one (21) days from the date of entry of this order to address the identified defects. If Plaintiffs fail to do so, the action will be dismissed.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge